

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

June 23, 1950

Hon. George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas                    Opinion No. V-1074

                                 Re: Whether a farm mutual
                                     insurance company may
                                     write the additional
                                     coverages extended by
                                     Art. 4860a-20, Sec.1a,
                                     V.C.S., coextensive with
                                     the coverage that any
                                     fire or windstorm insur-
Dear Sir:                            ance company may write.

        Your inquiry relates to a farm mutual insurance com-
pany, organized and operating under Article 4860a-20, V.C.S.
Specifically, you inquire whether such company may write the
additional coverage extended to county mutual insurance com-
panies by virtue of the provisions of Sec. 1a of Art. 4860a-20,
as added by Acts 50th Leg., 1947, ch. 367, p. 739, titled House
Bill 155.

        A study of the problem should include some of its
history.

        County mutual insurance companies, as first defined,
authorized and regulated in 1937 by the 45th Legislature in an
act codified as Art. 4860a-20, V.C.S., had but a modicum of
statutory regulation attached to their organization and opera-
tion, when compared with that of other types of insurance com-
panies. Their rates were not regulated as are other companies;
they were not subject to the rigid reserve requirements; their
financial status for organization and for continued operation
was less exacting. The possible coverage they were authorized
to write was very limited, however. Such coverage was found
in Sec. 1 of Art. 4860a-20, and was as follows:

        "County Mutual Insurance Companies are compan-
    ies organized for the purpose of insurance on the
    mutual or cooperative plan against loss or damage
    by fire, lightning, gas explosion, theft, windstorm
    and hail, and for all or either of such purposes.

"Unless they are restricted by their charters, they may write insurance against said hazards:

"(a) On both rural and urban dwellings and attendant out-houses and yard buildings and all their contents for home and personal use -- including family vehicles, musical instruments and libraries;

"(b) On barns and other farm, dairy, truck garden, hennery and ranch buildings and improvements of every description;

"(c) On all vehicles, harness, implements, tools and machinery of every kind and description used on and about farms, truck gardens, dairies, henneries or ranches.

"(d) On all fruits and products, other than growing crops, and all fowls, domestic animals and livestock of every description, produced, raised, grown, kept or used on truck gardens, henneries, farms, ranches and dairies; and

"(e) On church houses, country school houses, country lodge rooms and country recreation halls, other than road houses and public dance halls and their contents." (Emphasis supplied throughout this opinion.)

Thereafter, in 1947, the 50th Legislature, by the passage of its House Bill 155, as noted heretofore, extended the coverage in the following respects and with the following qualifications:

"Section 1. Senate Bill No. 121 passed by the Forty-fifth Legislature of the State of Texas at its Regular Session in 1937, and known as Article 4860a-20, Vernon's Civil Statutes of the State of Texas, is hereby amended so as to add thereto at the end thereof the following:

"'Sec. 1a. County Mutual Insurance Companies operating under the provisions of Article 4860a-20 shall after the passage of this Act be authorized to write insurance against loss or damage from any hazard provided therein <u>or that any other fire or windstorm insurance company operating in Texas may</u>

write on property described in Section 1 of
Article 4860a-20.

"'Sec. 2a.  Any company operating under the
provisions of Article 4860a-20 or subject to the
provisions of said Article, excepting those com-
panies which out of the total amount of insurance
in force maintain more than sixty per cent (60%)
in force on rural property. . . which shall here-
after be known as 'Farm Mutual Insurance Companies,'
shall become subject to the provisions of this Act
and shall comply with the following requirements,
to wit:

  "'(a)  The following terms when used in this
Act shall be defined:

  ""Company" shall refer to and include all types
of organizations, corporations, associations, com-
panies or groups subject to the provisions of this
Act.

  " . . . .

  ""Rural Property" as the term is used in this
Law shall mean any property which has at least
five (5) acres of cultivated or grazing land used
exclusively with such insured property."

Specifically, then, your question is whether a farm
mutual insurance company, as defined in Sec. 2a of House Bill
155 set out above, is entitled to write the additional cover-
age extended to county mutual insurance companies by Sec. 1a
of House Bill 155.

Until the passage of House Bill 155, county mutual
insurance companies could write only the perils of fire,
lightning, gas explosion, theft, windstorm and hail on the
enumerated risks.

Thereafter, they were authorized to write insurance
against all of the perils that a fire or windstorm insurance
company may write, a recitation of which perils is unnecessary
herein.

An examination of the precise language of House Bill
155 will show the exclusion of farm mutual insurance companies
both from its benefits and from its exactions.  Thus it pro-
vides that:

"Any company operating under the provisions
of Article 4860a-20. . . , excepting those com-
panies which out of the total amount of insur-
ance in force maintain more than sixty per cent
(60%) in force on rural property. . . , which
shall hereafter be known as 'Farm Mutual Insur-
ance Companies,' shall become subject to the
provisions of this Act. . . ."

Obviously, farm mutual insurance companies are re-
moved from the operation of the entire Act by the foregoing
provision. That part of the Act which extends additional
coverage to county mutual insurance companies, though desig-
nated therein as Sec. 1a, is no less removed from the effect
of the quoted exemption of farm mutual insurance companies
from the operation of the Act by virtue of its being in a
separate section. The Act is entire. Farm mutual insurance
companies are not subject to any part of it. They do not
obtain the advantage of writing the additional coverage, but
by the same token, they are not subject to the exactions made
thereafter. And these exactions are considerable. For exam-
ple, the additional exactions include the requirements of
approval of policy forms, filing of rate schedules, licensing
of agents, officers bonds and penal provisions, solvency defi-
nition and supervision, and maximum contingent liability, to
point out some of the more substantial changes.

## SUMMARY

Farm mutual insurance companies, organized,
defined and operating under Art. 4860a-20, V.C.S.,
are not authorized to cover the additional perils
extended by the provisions of House Bill 155, Acts
50th Leg., 1947, ch. 367, p.739 (Sec. 1a, Art.
4860a-20, V.C.S.) but are, instead, confined to
the authorized perils set out in Sec. 1 of Art.
4860a-20.

Yours very truly

PRICE DANIEL
Attorney General

APPROVED:

Ned McDaniel
State Affairs Division

By Dean J. Capp

Joe R. Greenhill
First Assistant

Dean J. Capp
Assistant

DJC/rt